IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY LEE SIMMONS, JR. | : | CIVIL ACTION |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the Social | : | |
| Security Administration | : | NO. 21-2113 |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                September 21, 2022

Henry Lee Simmons, Jr. ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("the Commissioner"), denying his claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. Plaintiff has filed a brief in support of his request for review, the Commissioner has responded to it, and Plaintiff has replied. For the reasons set forth below, Plaintiff's request for review is denied.

I.       PROCEDURAL HISTORY[1]

Plaintiff filed for DIB, on January 21, 2019, alleging disability based upon physical and mental impairments. R. 15. His case was denied initially and upon reconsideration; hence, he sought an administrative hearing. *Id.* On March 12, 2022, Plaintiff, represented by counsel, appeared for a hearing before administrative law judge Sandra Morales Price ("the ALJ"); he and vocational expert Denise D. Cordes ("the VE") testified. *Id.* On May 4, 2020, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. R. 15-27. The

---

[1] The court has reviewed and considered the following documents in analyzing this case: Plaintiff's Statement of Issues and Brief in Support of Request for Review ("Pl. Br."), Defendant's Response to Request for Review of Plaintiff ("Resp."), Plaintiff's Reply Brief ("Reply"), and the administrative record. ("R.").

[2] The Social Security Regulations provide the following five-step sequential evaluation for determining whether an adult claimant is disabled:

Appeals Council denied Plaintiff's request for review, on March 5, 2021, making the ALJ's findings the final determination of the Commissioner. R. 1-3. Plaintiff seeks judicial review and the parties have consented to this court's jurisdiction, pursuant to 28 U.S.C. § 636(c)(1).

## II.     FACTUAL BACKGROUND

A.     <u>Personal History</u>

Plaintiff, born on November 11, 1968, was 51 years old, on the day of the administrative hearing. R. 40. His past relevant work was a bus driver for SEPTA;[3] he stopped working after being assaulted in June 2018. R. 43. Plaintiff is not married and lives alone; he has two daughters, ages 15 and 27 years. R. 40-41.

B.     <u>Plaintiff's Testimony</u>

At the March 12, 2020 administrative hearing, Plaintiff testified about his physical and mental impairments. R. 40-55. In June 2018, Plaintiff was assaulted and suffered a serious injury to his right eye, which surgery did not correct. R. 43. As a result, Plaintiff has difficulty judging distances; this limitation adversely affects his ability to handle objects and walk. R. 42-43.

---

1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).

2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).

3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).

4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).

5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education and past work experience in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

[3] SEPTA is the regional public transportation system in Philadelphia and its surrounding suburbs.

Glaucoma in his left eye requires both prescription eye drops and glasses to allow him to see well from that eye. R. 43-44, 49-50. Bright lights (either outside or inside) irritate his eyes; so, he often wears dark glasses. R. 44.

During the first year after his assault, Plaintiff experienced depression and severe nightmares. R. 48. After about a year, the nightmares diminished, but he still felt apprehensive about leaving his home and he refused social engagements with friends. R. 49. Even on the day of the hearing, Plaintiff did not feel comfortable going out alone; therefore, a friend drove him to the hearing.[4] R. 51. Once outside, Plaintiff is constantly vigilant about the possibility of being attacked again. R. 53.

Plaintiff suffers from back and knee pain. R. 45. He tried unsuccessful courses of physical therapy, but has not undergone surgery for these problems. R. 45-46. Plaintiff is able to walk approximately two blocks, stand for 30 to 40 minutes at a time, and sit for 30 to 40 minutes. R. 46-47. He is able to lift approximately 15 pounds. R. 50.

Plaintiff experience headaches daily. R. 53. In the morning, he awakens with a headache, which subsides during the day, but worsens in the evening. *Id.* Despite taking prescribed medication, Plaintiff's hypertension is poorly controlled, R. 53-54, and causes light-headedness a few times per week. R. 54. To alleviate light-headedness and fatigue, Plaintiff naps three to four times a day; each nap lasts from 30 minutes to two hours. R. 54-55.

C.    Vocational Testimony

The VE testified that Plaintiff's past job as a SEPTA bus driver was semi-skilled[5] work,

---

[4] Plaintiff admitted that he is nervous about driving, because his vision is poor. R. 51.
[5] "Semi-skilled work is work which needs some skills but does not require doing the more complex work duties." 20 C.F.R. § 404.1568(b). It is less complex than skilled work but more complex than unskilled work. *Id.* "A job may be classified as semi-skilled where coordination and dexterity are necessary, as when hands or feet must be moved quickly to do repetitive tasks." *Id.*

usually performed at the medium[6] level of exertion, that Plaintiff performed at the light[7] level. R. 56. The ALJ asked the VE to consider a person of Plaintiff's age, education, and work experience, who is able to perform light work; occasionally climb ladders, ropes and scaffolds; frequently perform all other postural activities; occasionally experience near and distant visual acuity, depth perception, color vision, and field of vision; tolerate occasional exposure to vibrations, machinery, heights, and extreme cold; and tolerate moderate noise. R. 56-57. The VE stated, although this person could not perform Plaintiff's past job, R. 57, he could perform alternative, unskilled[8] work: (1) cafeteria attendant (120,000 positions in the national economy); (2) laundry folder (55,000 positions in the national economy); and (3) housekeeping cleaner (260,000 positions in the national economy). R. 57-58. The VE stated that she had identified only unskilled jobs, because Plaintiff lacked transferrable skills. R. 58.

Next, the ALJ asked the VE to consider the same individual with the additional limitations of never being able to climb ladders, ropes and scaffolds, only occasionally perform all other postural activities, and never work at unprotected heights or operate a motor vehicle. R. 59. The VE responded that this person still could perform the three jobs she had previously identified. *Id.* The ALJ then asked the VE to consider the same hypothetical person, with the additional limitation that he was unable to avoid any work-place hazards. *Id.* The VE testified that this person could perform no work. *Id.* Finally, if the person was off-task 20% of the time or missed two or more work-days per month, he could not sustain employment. R. 59-60.

---

[6]"Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c).
[7]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).
[8]"Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time. The job may or may not require considerable strength . . . [a] person does not gain work skills by doing unskilled jobs." 20 C.F.R. § 404.1568(a).

### III.   THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2023.

2. [Plaintiff] has not engaged in substantial gainful activity since November 10, 2018, the amended alleged onset date (20 CFR 404.1571 *et seq.*).

3. [Plaintiff] has the following severe impairments: Primary Open Angle Glaucoma of the Left Eye; Residuals of Ocular Laceration with Prolapse of Intraocular Tissue of the Right Eye; Osteoarthritis of the Bilateral Knees; Hypertension; and Obesity (20 CFR 404.1520(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5. After careful consideration of the entire record, I find that, [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except never climbing ladders, ropes, or scaffolds; occasionally balancing, stooping, kneeling, crouching, crawling, and climbing ramps/stairs; work involving no more than occasional near acuity, far acuity, depth perception, accommodation, color vision and field of vision; occasional exposure to vibrations, machinery and extreme cold; moderate noise; never work at unprotected heights; never operate a motor vehicle; and limited to simple, routine tasks.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on November 11, 1968 and was 49 years old, which is defined as a younger individual, on the alleged disability onset date (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-

>           Vocational Rules as a framework supports a finding that [Plaintiff] is "not disabled," whether or not [Plaintiff] has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10.   Considering [Plaintiff's] age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [he] can perform (20 CFR 404.1569 and 404.1569(a)).
>
> 11.   [Plaintiff] has not been under a disability, as defined in the Social Security Act, from November 10, 2018, through the date of this decision (20 CFR 404.1520(g).

R. 17, 20, 25-27.

## IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows. The Commissioner's findings of fact will not be disturbed, if they are supported by substantial evidence. *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999). Substantial evidence is not "a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation omitted). While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988). Overall, this test is deferential to the ALJ and the court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo,* might have reached a different conclusion. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). Indeed, the court is not permitted to weigh the record evidence

itself. *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005). By contrast, the Commissioner's legal conclusions are subject to *de novo* review. *Poulos*, 474 F.3d at 91.

B. <u>Burden of Proof in Disability Proceedings</u>

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). Plaintiff may establish a disability through: (1) medical evidence meeting one or more of the serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy." *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments. *Heckler*, 461 U.S. at 460. Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents him from returning to his past employment. *See Brown*, 845 F.2d at 1214. If Plaintiff proves that his impairment results in functional limitations to performing his past relevant work, then the burden of proof shifts to the Commissioner to prove that work does in fact exist in the national economy which Plaintiff can perform given his age, education, work experience and residual functional capacity. *See Hess v. Comm'r Soc. Sec.*, 931 F.3d 198, 201 (3d Cir. 2019); *Poulos,* 474 F.3d at 92.

C. <u>Review of the Administrative Law Judge's Decision</u>

Applying the sequential evaluation process, the ALJ determined that, although Plaintiff could not perform his past relevant work, he could perform alternative work and, hence, was not

disabled. R. 15-27. Plaintiff disputes this determination and argues that the ALJ erred reversibly by: (1) improperly evaluating the opinions of his treating mental health source, Ashley M. Brown, CRNP; and (2) failing to develop the record concerning his visual limitations. Pl. Br. at 3-13. The Commissioner refutes Plaintiff's arguments and maintains that the ALJ's decision is supported by substantial evidence. Resp. at 4-13. This court concludes that the ALJ committed no legal errors and her decision is supported by substantial evidence.

1. <u>The ALJ Properly Evaluated Ms. Brown's Opinions</u>

Plaintiff argues that the ALJ improperly evaluated Ms. Brown's opinions concerning his mental functioning; this, in turn, caused her RFC assessment to lack substantial evidence. Pl. Br. at 4-11. This court finds that the ALJ provided an adequate explanation for why she found unpersuasive Ms. Brown's opinions about Plaintiff's mental functioning. Furthermore, she identified substantial evidence to support her RFC determination. Her decision, free of legal error, is supported by substantial evidence.

The ALJ noted that, in February 2019, Ms. Brown opined that Plaintiff's limitations in various areas of mental functioning ranged from none to marked. R. 24. The ALJ explained that these opinions were unpersuasive, because Ms. Brown failed to provide explanation for her opinions and the record did not support them. *Id.* The ALJ'S explanation considers the main, required factors when an ALJ evaluates opinion evidence: supportability and consistency. 20 C.F.R. § 404.1520c(a), (b)(2). Furthermore, prior to this determination, the ALJ had summarized the medical evidence in the record concerning Plaintiff's mental health functioning, R. 18-19, finding that his depression was not severe. R. 19. Moreover, after considering Ms. Brown's opinions, the ALJ considered those of Michael Schulman, Ph.D., Melissa Frank, Psy.D, and Dennis Gold, Ph.D. R. 24-25. Based on all this evidence, the ALJ determined that Plaintiff's mild

depression would limit his RFC to routine, repetitive tasks. R. 24. Since substantial evidence is simply more than a scintilla, *Biestek*, 139 S. Ct. at 1154, the ALJ's decision plainly identified that amount of evidence. Hence, her evaluation of Ms. Brown's opinions and the limitations caused by Plaintiff's non-severe depression is affirmed.

    2. <u>The ALJ Properly Evaluated Plaintiff's Limited Visual Acuity</u>

Plaintiff next argues that the ALJ failed to develop the record about his visual impairment, because she did not re-contact his treating sources to obtain an opinion concerning his visual limitations. Pl. Br. at 11-13. This argument lacks merit, because the ALJ was not required to re-contact any of Plaintiff's treating sources and it was within her province to determine for herself how his visual limitations affected his RFC.

First, it is clear that the current regulations leave it to the ALJ's discretion whether to re-contact a claimant's medical source for more information. 20 C.F.R. § 404.1520b(b)(2)(i) (2017). Herein, the ALJ had abundant evidence about Plaintiff's visual impairment from his treating sources, R. 21-22, as well as the impartial medical expert report of Hema Sugumaran, M.D. (an ophthalmologist). R. 23. I find that the ALJ did not err by failing to re-contact Plaintiff's treating sources for additional evidence. *See* 20 C.F.R. § 404.1520b(b)(2)(i).

Second, it is well-established that the ALJ, not a treating source, must determine a claimant's RFC. *Chandler v. Comm'r of Soc. Sec.*, 677 F.3d 356, 361 (3d Cir. 2011). It is equally well-established that an ALJ is allowed to evaluate the medical evidence herself without need for a medical source to support each element of her RFC assessment. *Id.* at 362. Accordingly, the ALJ's evaluation of Plaintiff's visual acuity and its impact on his RFC were proper and are affirmed.

An implementing Order and Order of Judgment follow.